UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

    Carmelo Calascibetta,                            Bankruptcy Case No. 19-20558-PRW
                                                                                Chapter 13

                          Debtor.

**DECISION AND ORDER
DENYING MOTION TO CONVERT CASE TO CHAPTER 11
AND GRANTING CROSS-MOTION TO CONVERT
CASE TO CHAPTER 7**

PAUL R. WARREN, U.S.B.J.

      The Debtor has moved to convert this Chapter 13 case to a proceeding under Chapter 11. A secured creditor, Canandaigua National Bank, has cross-moved to dismiss the case or convert it to a Chapter 7 proceeding. This case has languished for over a half-year. The Debtor has demonstrated an inability to honor his commitments under both the Bankruptcy Code and his Chapter 13 plan. And, in response to the cross-motion to dismiss or convert, the Debtor offers not a crumb of proof of his ability to actually reorganize within a reasonable period of time—instead, he simply expresses his intention to file a Chapter 11 plan, sometime next month.

      Cause exists to convert or dismiss this case, under 11 U.S.C. § 1307(c)(1), (3) and (4). The best interests of creditors and the estate will be promoted by the conversion of this case to a Chapter 7 proceeding. The Debtor's motion to convert to Chapter 11 (ECF No. 53) is **DENIED**. The cross-motion of CNB requesting conversion to Chapter 7 (ECF No. 58) is **GRANTED**.

# I.

# JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 157(a), 157(b)(1), and 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 FRBP.

# II.

# FACTS

The Debtor filed a bare-bones Chapter 13 petition in early June 2019. (ECF No. 1). Several weeks later, the Debtor filed statements, schedules, and a Chapter 13 plan. (ECF Nos. 19, 20). CNB wasted no time in objecting to the Debtor's plan and in seeking relief from the automatic stay, so that it could proceed with its state foreclosure action against the Debtor's home. (ECF Nos. 33, 34). The CNB motion was resolved by a stipulated Order. (ECF No. 48). And, because the Debtor's proposed treatment of the $400,000 priority tax claim of New York State violated 11 U.S.C. § 1322(a)(2), the Court entered an Order directing the Debtor to file an amended plan by September 20, 2019—that provided for full payment of the priority tax claims of the IRS and New York State. (ECF No. 48 ¶ 4).

Rather than complying with the Court's Order, the Debtor did nothing. Bupkis. Zilch. No amended plan was ever filed. No plan payments, as required by § 1326(a)(1) of the Code and this Court's Order, were made (except for the first plan payment, which pre-dated the Court's Order). (ECF No. 62 ¶ 2). Plan arrears now stand at nearly $12,000. (*Id.* ¶ 3). For over 220 days, the Debtor has enjoyed the protection of the automatic stay, all while the Debtor has failed to attend to even the most basic duties required of a Chapter 13 debtor. This can be explained, perhaps,

because the Debtor (and his wife) are dealing with a criminal prosecution in state court for failing to report over $5 million in income from the operations of "Cam's Pizzeria." (ECF No. 19, Official Form 107, Part 4, No. 9; People of the State of New York v. Carmello Calascibetta, Criminal Index No. I2019001595). The Debtor owns 100% of the shares of "Cam's" and the value of those shares are assets of the estate. (ECF No. 19, Sch. A/B, Part 4, No. 19). The schedules disclose additional assets available to help pay the claims of creditors. (ECF No. 19, Sch. A/B).

More than two months after the Court-imposed deadline to file an amended plan had passed, the Debtor filed a motion to convert this case to a Chapter 11 proceeding. (ECF No. 53). CNB cross-moved to dismiss (ECF No. 58), and subsequently supplemented its cross-motion to request conversion to Chapter 7 in the alternative. (ECF No. 62). The Debtor opposed the cross-motion, asserting in vague generalities his intent to file a Chapter 11 plan (sometime next month) and his belief (unsupported by any facts) that creditors would do better in a Chapter 11 proceeding than in a Chapter 7 liquidation. (ECF No. 63).

### III.

### DISCUSSION

**A. The Debtor has Failed to Demonstrate Cause to Convert to Chapter 11**

The Debtor's motion to convert to a Chapter 11 proceeding merits very little discussion.[1] Under § 1307(d) of the Code, the Debtor has the burden of proving cause to support such a

---

[1] The motion relies on 11 U.S.C. § 1307(a) as its statutory predicate. Of course, a conversion to Chapter 11 must be sought under § 1307(d). Despite having this procedural error pointed out by CNB, the Debtor has not taken steps to correct his gaffe. By relying on § 1307(a), it appears that the Debtor is operating under the notion that conversion to Chapter 11 is his right. The Debtor is mistaken. *See In re Smigelski*, Case No. 11-23618(ASD), 2012 Bankr. LEXIS 1568, at *3-4 (Bankr. D. Conn. May 3, 2012). And, despite seeing the handwriting on the wall, the Debtor did not exercise his right to have his Chapter 13 case dismissed, under § 1307(a), and avoid having the Court render a decision on the CNB cross-motion. That escape hatch is now closed as a result of this decision.

3

conversion. *See In re Tornheim*, 181 B.R. 161, 169 (Bankr. S.D.N.Y. 1995) (setting out the elements a debtor must demonstrate to establish cause for conversion to Chapter 11). The Debtor has not met that burden. The Debtor's assertion that creditors would do better under a Chapter 11 plan than in a Chapter 7 liquidation is a hunch, at best. It is not supported by evidence. The Debtor has willfully failed to abide by this Court's Order requiring that he file an amended plan and keep plan payments current. The Debtor has caused unreasonable delay that is prejudicial to creditors and appears unable to effectuate a plan that would comply with the Code.

### B. Cause to Convert or Dismiss Has Been Demonstrated

Under § 1307(c) of the Code, the bankruptcy court is vested with the discretion to convert or dismiss a Chapter 13 case for cause. 11 U.S.C. § 1307(c). *See In re Plagakis*, Case No. 03 CV 0728 (SJ), 2004 U.S. Dist. LEXIS 2458, at *12-13 (E.D.N.Y. Jan. 27, 2004); *In re Meltzer*, Case No. 19-21110-PRW, 2020 Bankr. LEXIS 80, at *7 (Bankr. W.D.N.Y. Jan. 10, 2020); *In re Tornheim*, 181 B.R. at 169. If cause is found, and if the Court decides to exercise its discretion, the Court must determine which remedy—conversion to Chapter 7 or out-right dismissal—is in the best interests of creditors and the estate. 11 U.S.C. § 1307(c). *See In re Meltzer*, 2020 Bankr. LEXIS 80, at *7; *In re Tornheim*, 181 B.R. at 169 ("The court may consider whether the debtor has willfully failed to abide by orders of the court or appear before the court to prosecute her case, whether she has caused unreasonable or prejudicial delay or is unable to effectuate a plan and whether she has filed and conducted her case in good faith. Bad faith depends on the facts and circumstances of the case, and may include filing to frustrate the legitimate rights of the secured creditors as well as the failure to file a plan timely, to reveal changes in financial condition or to

make post-petition mortgage payments." (citations omitted)). Here, cause exists to convert or dismiss this Chapter 13 case.

First, under § 1307(c)(1), the Debtor has unreasonably delayed in prosecuting his case. The delay is solely attributable to the Debtor and that delay is prejudicial to creditors. No reorganization of the Debtor's financial affairs appears to be taking place. Instead, the Debtor has conducted his financial affairs covertly and as he wishes—without disclosure to creditors and without leave of Court. Second, under § 1307(c)(3), the Debtor has failed to file an amended plan within the time set by the Court. The deadline by which the Debtor was to file an amended plan was imposed by the Court because the Debtor's plan was facially unconfirmable. Specifically, the Debtor's proposed treatment of the $400,000 priority tax claim of New York State violated § 1322(a)(2) of the Code. No effort was made by the Debtor to comply with or seek relief from that Order. Third, under § 1307(c)(4), the Debtor has failed to make plan payments as required by § 1326 of the Code and as ordered by this Court. The Debtor's plan is in arrears by nearly $12,000 at this point, in violation the Court's Order.

## C. Conversion to Chapter 7 is Proper Remedy

Having found that cause exists to convert or dismiss this case, the Court must consider which remedy is suitable here. A balancing of the best interests of creditors and the estate convinces the Court that conversion to Chapter 7 is appropriate. First, and perhaps most compellingly, a conversion to Chapter 7 will result in the appointment of an independent and disinterested Chapter 7 trustee to examine the Debtor's financial affairs and to promptly liquidate non-exempt assets. As things now stand, the Debtor is advancing his personal best interests, and he has managed to completely stall the Chapter 13 case. As a debtor-in-possession in a Chapter

5

Case 2-19-20558-PRW, Doc 66, Filed 01/16/20, Entered 01/16/20 12:14:29, Description: Main Document , Page 5 of 6

11 case, it is foreseeable that the Debtor would continue to conduct himself as he has as a Chapter 13 debtor. A Chapter 7 trustee will be able to exercise independent judgment and ensure that the interests of creditors are protected. Second, a dismissal of this case is likely to be followed by the filing of another bankruptcy petition by the Debtor—followed by predictable inaction and hollow promises of a reorganization, firmly rooted in nothing. It is time for this case to move forward as a liquidation, in hopes of generating a dividend for the creditors.

## IV.
## CONCLUSION

The Debtor's motion to convert this case to a Chapter 11 proceeding (ECF No. 53) is **DENIED**. The Debtor has utterly failed to carry his burden of demonstrating cause to justify such a conversion. CNB's cross-motion to convert or dismiss this case for cause (ECF No. 58) is **GRANTED**. In the exercise of its discretion, the Court finds that conversion to Chapter 7 is in the best interests of creditors and the estate.

**IT IS SO ORDERED.**

DATED: January 16, 2020 _____/s/_____
Rochester, New York HON. PAUL R. WARREN
United States Bankruptcy Judge